NEMOURS-STEVENS, LTD., Respondent, *v.* NEMOURS TRADING CORPORATION, Appellant.

First Department, December 28, 1922.

Contracts — action to recover on stock subscription contract payable in English pounds sterling — judicial notice — courts will take judicial notice of fluctuation of rates of exchange — plaintiff not entitled to summary judgment where neither pleadings nor affidavits show that damages alleged in American money are equivalent to balance due in English money.

The courts will take judicial notice of the fluctuation in the rates of exchange between England and the United States since the outbreak of the World War, in an action to recover the balance due on a stock subscription contract payable in English pounds sterling.

In such an action the plaintiff is not entitled to summary judgment where neither the pleadings nor affidavits in support thereof show that the amount of damages claimed in the complaint in American money is equivalent to the balance due in English money, for it is incumbent upon the plaintiff to prove the exact amount of damages which it claims to have sustained in American currency.

APPEAL by the defendant, Nemours Trading Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of June, 1922, granting plaintiff's motion for summary judgment, and also from a judgment of the Supreme Court in favor of the plaintiff, entered in said clerk's office on the 13th day of June, 1922, pursuant to said order.

*White & Case* [*Vermont Hatch* of counsel], for the appellant.

*Laurence A. Sullivan* of counsel, for the respondent.

DOWLING, J.:

This is a motion for summary judgment upon the pleadings and proceedings herein. The action is brought to recover damages for the breach of a contract for subscription for a portion of the respondent's stock in the amount of 5,500 of preference shares, each of the par value of one pound, English currency, for which the defendant agreed to pay £5,500, English currency, on calls to be determined by John Frederick Stevens, selected as managing director. It is alleged that the defendant's subscription was accepted, and that Stevens issued four separate calls each for one-quarter of £5,500, all of which are past due and were owing to plaintiff at the time of the commencement of the suit, except that defendant made payments and was given credits in sums leaving a balance due of £4,212, 9 shillings and 8 pence, with interest from varying dates. It is then alleged:

" *Ninth.* That by reason of the foregoing the plaintiff has been damaged in the sum of Twenty-two thousand five hundred ($22,500) Dollars, no part of which has been paid and the whole whereof is now due and owing to the plaintiff from the defendant."

This allegation is denied by the answer.

The complaint contains no allegation that the sum of $22,500, money of the United States, claimed as damages, is the equivalent of the balance due in English money, to wit, £4,214, 9 shillings and 8 pence, with interest as claimed.

The amount of the damage is as much a part of the plaintiff's case as any other element thereof, and there is nothing either in the pleadings or in the affidavits which would show what the value of the amount of English currency was at the time of the breach of the contract sued on herein. It is a matter of common knowledge, and one of which the courts are bound to take judicial notice, that the rates of exchange between England and the United States have fluctuated widely since the outbreak of the World War, and there is nothing pleaded or proven by affidavit which would warrant the court in assuming what the rate of exchange

was on any date embraced within the transaction in question herein. It is incumbent, therefore, upon plaintiff to prove the exact amount of damage which it claims to have sustained in American currency, and that is not established by the pleadings or affidavits herein. This issue is one of the vital issues in the case, and being litigated, judgment cannot be given upon the present state of the pleadings.

The judgment and order appealed from should, therefore, be reversed, with costs, and the motion denied, with ten dollars costs.

CLARKE, P. J., MERRELL, GREENBAUM and FINCH, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.